**Craig McCORMACK, and Myrtle McCormack, wife, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

June 14, 1968.

James G. Sheehan, Jr., Danville, for appellant.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., William O. Gilbreath, Dept. of Highways, Frankfort, for pellants.

MILLIKEN, Judge.

This was a condemnation proceeding brought by the Department of Highways to obtain a temporary easement for three months upon 1,650 square feet of the McCormacks' land situated adjacent to the Danville to Lancaster Road (Ky. 52) in Boyle County, for the purpose of constructing a new retaining wall and drainage pipe. The portion of the McCormacks' land affected is a triangular parcel located at the Y junction of U. S. 150 and Ky. 52 a short distance south of Danville. A restaurant is operated by the appellants on this tract.

The award given by the commissioners appointed by the county court was $1,000.-00 but both sides rejected this and appealed to the circuit court where a jury awarded $300.00 for the temporary easement and the McCormacks have appealed from the judgment entered on that verdict because of the trial court's withdrawal of certain issues from jury consideration.

At the beginning of this action the McCormacks filed an answer and, in addition, a counterclaim for $79,500.00 damages, alleging that the Department widened Highway 52 and U. S. 150 thereby taking their land, that the Department constructed ditches, drains and sewers causing water to be cast upon their property and that it cast snow and ice from the highways upon the property. Whether the highway itself encroached on the appellants' land was the determinative question. A hearing was held prior to the formal jury trial and the parties there agreed that the trial judge would determine the extent of the Commonwealth's rights-of-way on the highways involved. The evidence introduced by both sides included the deed to the McCormack property, the charters granted by the Kentucky Legislature to the turnpike companies which formerly operated the roads in Boyle County, that are now U. S. 150 and Ky. 52, and the testimony of a resident engineer with the Department who was a native of the area and was familiar with the situation. After considering this evidence, the trial court ruled that the work performed by the Department in widening and resurfacing the highways did not result in the taking of the McCormacks' property and that the new retaining wall was being constructed within the highway right-of-way.

On April 26, 1966, the jury trial on the issue of damages got under way and at the conclusion of the introduction of evidence the trial judge withdrew from the jury's consideration all items of damage claimed by the McCormacks by reason of water drainage and all items of alleged damages caused by the widening and resurfacing of Highway Ky. 52 and U. S. 150. It is from these rulings that the McCormacks ap-

peal. The jury was also given the question of diminution in rental value of the property by reason of the Commonwealth's taking of the temporary easement and a verdict of $300.00 was returned for that.

As mentioned above, the McCormacks operate a restaurant on the property between the two highways and it is the supposed ill effects of the widening and resurfacing of the highways and the allegedly altered water drainage onto the property therefrom which appear to be the thrust of this appeal. The evidence to support their allegations of increased water damage is confusing and indicates that any drainage problem was aggravated by the McCormacks themselves. The testimony of Craig McCormack revealed that he covered up the catch basins in his parking lot, thus preventing water from getting out. He justified this on the grounds that the drains were clogged up and had become the home of rats and mosquitoes, but it was not made clear why he chose to seal them instead of seeking to correct the trouble. McCormack also claimed that water coming down Ky. 52 was now running onto his restaurant and that the Department had caused this, but this contention ran counter to the physical facts, for Ky. 52 ran along the base of a ridge above the appellants' property, was there when they bought the property, and the natural drainage from the hillside necessarily flowed across the road toward the property. Resurfacing of the highways and widening them within their rights-of-way when needed are functions of the Department. Here there was no raising or lowering of the grade as such, nor an increase in the area drained when the appellants bought the property in 1956 after occupying it for twelve years immediately prior thereto.

We conclude that the trial judge acted correctly in taking this issue from the jury.

The judgment is affirmed.

All concur.